# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randall Joseph Eade, | ) C/A No. 6:12-1087-JFA-KFM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Sheriff Al Cannon; CCOH; Herbert Dreyton; Ms. Frazier, | ) **RECOMMENDATION** |
| Nursing Director; Dr. Jacobs; C/O Sprotte; Sgt. Hewitt; | ) **FOR PARTIAL DISMISSAL** |
| Nurse Kohn; and Nurse Williams, | ) |
| Defendants. | ) |

Randall Joseph Eade ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at Charleston County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint claims violation of Plaintiff's constitutional rights based on the defendants' alleged indifference to Plaintiff's medical needs and safety, as well as constitutional violations associated with his pending state criminal case. Plaintiff seeks monetary damages as well as injunctive relief. The complaint fails to state a claim under § 1983 against Sheriff Cannon and CCOH, the medical provider, so these two defendants should be summarily dismissed. Service of the complaint on the remaining defendants has been directed in a separate order.

## DISCUSSION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and submit findings and recommendations to the district court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a

claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The caption of the complaint lists "Medical Provider, CCOH," and the list of defendants on page two identifies CCOH as Carolina Center for Occupational Health. It appears that CCOH is included as the employer of medical personnel at the detention center. The only reference to CCOH in the statement of claims is the identification of CCOH as the "contracted medical provider for the Detention Center." ECF No. 1, page 21. The complaint contains no factual allegations related to defendant CCOH's involvement

in violating Plaintiff's constitutional rights, other than as an employer. The doctrine of *respondeat superior*, which provides that an employer is responsible for the actions of its employees taken in the scope of their employment, is inapplicable to § 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir.1977). The complaint fails to state a claim under § 1983 against CCOH, so this defendant should be dismissed.

The complaint's allegations against defendant Sheriff Cannon similarly fail to state a claim. The only factual allegation against Sheriff Cannon states that "Sheriff Al Cannon, and those within his jurisdiction as employees of the Charleston County Sheriff Office" violated Plaintiff's rights because they "failed to respond to the 180 day statute [Interstate Agreement on Detainers], as recorded in petition, until following the expiration of statute." ECF No. 1, page 20. Plaintiff fails to allege that defendant Sheriff Cannon personally acted or failed to act in violation of Plaintiff's constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d at 928 ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). Furthermore, to the extent Plaintiff seeks to hold Sheriff Cannon liable in his supervisory capacity, his stark statement of constitutional violations fails. A plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and

3

(3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The complaint in this case fails to allege these elements of supervisory liability. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (to bring a claim alleging denial of medical treatment against non-medical supervisory prison personnel, inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct). The complaint fails to state a claim under § 1983 against defendant Sheriff Cannon, so he should be dismissed as a party in this case.

Inasmuch as the § 1983 complaint could be construed as seeking habeas relief and naming Sheriff Cannon as the custodian of Plaintiff at the detention center, Plaintiff cannot obtain habeas relief, such as release from prison, pursuant to 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994)("Release from prison is not a remedy available under 42 U.S.C. § 1983."). A writ of habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In fact, Plaintiff currently has a petition for writ of habeas corpus pending in this court. *See Eade v. Cannon*, C/A No. 6:12-854-JFA-KFM (DSC). The complaint fails to state a claim for habeas relief under § 1983 against Sheriff Cannon as Plaintiff's custodian.

## RECOMMENDATION

Accordingly, it is recommended that defendants CCOH and Sheriff Cannon be dismissed in this case, without service of process. The recommended dismissal of these defendants does not affect the service of the complaint on the remaining defendants.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

May 24, 2012
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).