UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Randall Joseph Eade,

                         Plaintiff,

vs.

Sheriff Al Cannon; CCOH; Herbert Dreyton; Ms. Frazier, Nursing Director; Dr. Jacobs; C/O Sprotte; Sgt. Hewitt; Nurse Kohn; and Nurse Williams,

                         Defendants.

C/A No. 6:12-1087-JFA-KFM

**REPORT AND RECOMMENDATION**

        This matter is before the court on the defendants' motion to dismiss for lack of prosecution (doc. 36). In his complaint, the plaintiff, who is proceeding *pro se*, alleges violation of his constitutional rights based on the defendants' alleged indifference to his medical needs and safety, as well as constitutional violations associated with his then pending state criminal case. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in *pro se* cases are referred to a United States Magistrate Judge for consideration.

        By order filed May 24, 2012, this court directed the plaintiff to always keep the Clerk of Court advised in writing if his address changed for any reason and further advised the plaintiff that if he failed to meet a deadline set by the court as a result of his failure to comply, his case could be dismissed for violating the order (doc. 11). On July 27, 2012, the defendants filed a motion to dismiss for lack of prosecution (doc. 36), and pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), the court advised plaintiff of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion (doc. 38). On August 3, 2012, the *Roseboro* order was returned to the court as undeliverable mail (doc. 40). Prior mail sent to the plaintiff was

also returned, starting on June 20, 2012 (doc. 21). Mail returned as undeliverable on July 3, 2012, has the statement "out of jail" handwritten on the envelope (doc. 29). The plaintiff has failed to provide the court with a current address at which he receives mail.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> (2) the amount of prejudice to the defendant caused by the delay;
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendant's motion to dismiss or the court's order requiring him to respond and has also failed to provide a current mailing address as required by the May 24th order.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that the defendants' motion to dismiss for lack of prosecution (doc. 36) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

September 19, 2012
Greenville, South Carolina

**Attention is directed to the notice on the following page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).